OPINION OF THE COURT
John V. Vaughn, J.
This is a motion by the assignee for the benefit of the creditors of Toys Galore, Inc., to consider the acceptance of the assignee’s interim accounting, the fixing of the permanent bond, and the confirmation of the public auction sale of the assignor’s assets which was not held in conformity with the requirements of a prior order of this court.
On the return date of the motion, Paul J. Carlin, a creditor, filed an unverified objection to the acceptance of the interim accounting. In support of this objection, Carlin alleges that he never received notice of the assignment, and that he was, in fact, the owner of certain goods in the amount of $231.97 which were on consignment to the assignor, Toys Galore, Inc. A copy of the consignment agreement is attached to the objectant’s papers. The objectant requests that he be awarded the $2T1.97 with interest and that it be charged to the account.
In reply to the objection, the assignee admits that it did not initially advise the objectant of the assignment or the sale of the assignor’s assets, but explains that it failed to do so because the objectant’s name was not on the list of *201 creditors received from the assignor at the time of the assignment. The assignee explains that it was not until after the public auction sale of the assignor’s assets that, on May 18, 1980, he first learned of the objectant’s claim, and that it is now impossible to ascertain what items, if any, of the objectant’s property were sold at the auction. He alleges that he has examined the list of property submitted by the objectant and has compared it with the schedule of sale prepared by the auctioneers and cannot identify any of the objectant’s lots.
The assignee contends that the objectant has no claim against an assignee who has acted in good faith and suggests that his remedy is against the assignor or that the court might grant the objectant a limited amount of additional time in which to present a verified claim and share proportionately with the other general creditors.
Under the statute, it is the assignor’s duty to file a verified inventory of its assets and schedule of debts within 20 days of the assignmént (Debtor and Creditor Law, § 4). Similarly, the assignee should conduct an audit and examination of the financial records of the assignor to determine the nature of the assets and any liens or encumbrances against them insofar as disclosed from the records (23 Carmody-Wait 2d, NY Prac, § 142:31; 22 NYCRR 677.3 [a]). However, under the facts submitted, the court does not deem it necessary to resolve the issue of the assignee’s potential liability in this case. The objectant claims that he is the owner of the property which was only in the hands of the assignor under consignment. There is no allegation or proof that the objectant complied with any of the filing requirements under article 9 of the Uniform Commercial Code.
Section 2-326 of the Uniform Commercial Code provides that goods sold on “sale or return” are subject to the claims of the buyers’ creditors and “(3) Where goods are delivered to a person for sale and such person maintains a place of business at which he deals in goods of the kind involved, under a name other than the name of the person making delivery, then with respect to claims of creditors of the person conducting the business the goods are deemed to be on sale or return”. Under this section it would have been *202 the assignee’s obligation to seek a return of the property if the objectant had successfully repossessed it (cf. Matter of Mincow Bag Co., 53 Misc 2d 599).
This does not mean that the objectant should not be permitted any recovery. Although the assignee has already advertised for creditors pursuant to a prior order of this court, the court has the discretion to permit a late filing of a claim within one year of the date of the assignment (Debtor and Creditor Law, § 15, subd 7). Accordingly, the court directs the assignee to accept a verified claim of the objectant if submitted within 30 days of the date hereof.
The motion to file the interim account, fix the permanent bond and confirm the sale is granted. The application of the objectant is granted to the extent of permitting the late notice with the right to share proportionately with the other creditors in the final dividend.